# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MONADLE SHAMA,<br><br>    Defendant. | Case No. 1:21-cr-00311-DAD<br><br>ORDER REQUIRING GOVERNMENT TO SHOW CAUSE WHY BOND SHOULD NOT BE RETURNED TO SURETY<br><br>**FOURTEEN DAY DEADLINE** |

      A detention hearing as to Defendant Monadle Shama was held on December 6, 2021. (ECF No. 11.)  Defendant was ordered released with conditions, including the surrender of his passport and a $1,000 cash bond.  (ECF No. 14.)  On December 7, 2021, Navia Duarte posted a cash bond in the amount of $1,000 (Receipt # CAE100049621).  (ECF No. 13.)  The Defendant and surety were advised that the bond "will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence." (ECF No. 15 at 2.)

      On January 29, 2024, Defendant entered a guilty plea to a charged offense pursuant to a written plea agreement.[1]  (ECF Nos. 72, 73.)  On June 5, 2024, Defendant was sentenced to time served and was ordered to be released from custody on the instant matter only. (ECF Nos. 82,

---

[1] Defendant was ordered detained at the January 29, 2024 change of plea hearing.  (ECF No. 73.)

83.) On June 24, 2024, Defendant's passport was returned to Defendant. (ECF No. 88.)

Given Defendant was sentenced to time served in this matter, the Court shall order the Government to show cause in writing withing **fourteen (14) days** of entry of this order why the $1,000 appearance bond should not be released to the surety. If the Government does not respond to this show cause order in writing, that lack of response will be construed as a non-opposition to an order by the Court directing the Clerk of Court to return the bond to the address of the surety on file.

IT IS SO ORDERED.

Dated:   **July 9, 2025**

STANLEY A. BOONE
United States Magistrate Judge